# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| v. | ) _____ |
| | ) |
| ZAKHEIM & LAVRAR, P.A., BRETT | ) |
| SKOLNICK, and FLYNN LAVRAR, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, John Wood ("Mr. Wood"), by and through his counsel of record, Cohan Law Group, LLC, and for his Complaint, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Mr. Wood is a natural person and a "consumer" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.

Defendant Zakheim & Lavrar, P.A. ("Z&A"), at all times hereinafter mentioned, was and is now a Professional Association, qualified to do business in the state of Georgia and is subject to the jurisdiction and venue of this Court.

3.

Defendant Brett Skolnick ("Skolnick") is an attorney at Z&A, and is subject to the jurisdiction and venue of this Court.

4.

Defendant Flynn Lavrar ("Lavrar") is an attorney at Z&A, and is subject to the jurisdiction and venue of this Court.

5.

Defendants Z&A, Skolnick, and Lavrar (collectively referred to as "Defendants") are debt collectors as that term is defined by the FDCPA.

6.

Jurisdiction is appropriate as to Defendants in this Court pursuant to 15 U.S.C. § 1692k(d).  Pursuant to 28 U.S.C. § 1367, Plaintiffs invoke the supplemental jurisdiction of this Court as to their claims under the Georgia Fair Business Practices Act.

7.

Venue is appropriate as to Defendants in this Court as Defendants transact business in this District and the conduct giving rise to this action occurred in this District.

8.

Any conditions precedent to this action have occurred or have been waived.

**FACTUAL ALLEGATIONS**

9.

Defendants attempted to collect a debt allegedly owed by Mr. Wood to Citibank, N.A. ("Citibank") and obtained for his personal use. Defendants filed suit against Mr. Wood in the State Court of Gwinnett on November, 29, 2011, *Citibank, N.A., v. John B. Wood*, CAFN 11-C-09180-S4.

10.

According to the State Court of Gwinnett County records, on January 17, 2012, Defendants attempted to serve Mr. Wood through the Gwinnett County Sheriff multiple times, but were unsuccessful.

11.

The State Court of Gwinnett County dismissed that suit for want of prosecution. A true and correct copy of the Dismissal for Want of Prosecution is attached hereto as Exhibit "1".

12.

Notwithstanding the dismissal, not only did the Defendants attempted to serve Mr. Wood again on January 19, 2013, via private process server, they also

3

gave the papers to Mr. Wood's ex-wife at her domicile at 4248 Millhouse Lane, Norcross, GA 30092. Mr. Wood has not lived there for years.

13.

Mr. Wood's ex-wife took the papers believing they were for the Wood's son, also named John Wood. Once it was determined that the son was not the intended recipient, Mr. Wood's ex-wife gave the papers to Mr. Wood.

14.

Mr. Wood was never served with the Summons and Complaint in the State Court action, and thus service of process was never perfected in that case.

15.

Mr. Wood attempted to file his answer and Motion to Dismiss on March 4, 2013. However, the Clerk did not file his Answer and/or Motion to Dismiss and returned the Dismissal instead since the case had been dismissed nearly seven (7) months previously.

16.

Defendants attempted to serve Mr. Wood through a third party, Mr. Wood's ex-wife in violation of the Fair Debt Collection Practices Act ("FDCPA").

17.

Defendants attempted to serve Mr. Wood through another third party, Mr. Wood's son, in violation of the FDCPA.

18.

Defendants threatened to sue Mr. Wood on an action that had already been dismissed by the Gwinnett County State Court.

19.

Mr. Wood retained legal representation to handle the Gwinnett County State Court matter. Mr. Wood's legal counsel consulted the Defendants regarding this matter prior to filing the Answer and Motion to Dismiss.

20.

Defendants never revealed that the Gwinnett County State Court matter had been dismissed in August of 2012. Defendants were aware that Mr. Wood's counsel was drafting an Answer and Motion to Dismiss in the Gwinnett County case. Defendants allowed Mr. Wood to continue with legal representation though this case had already been dismissed.

21.

Defendants knew or should have known that their actions violated the FDCPA.

22.

At all material times, Defendant Z&A was acting by and through its agents, partners, servants, and/or employees, Defendants Skolnick and Lavrar, who acted within the scope of their employment.

23.

Defendants Z&A, Skolnick, and Lavrar are jointly and severally liable to Plaintiffs for any actual damages, statutory damages, exemplary damages, attorneys' fees, and costs.

24.

Defendants' actions were malicious, willful, reckless, intentional, negligent, and/or in disregard for the legal rights of Plaintiffs.

25.

Plaintiff has suffered actual damages, including, but not limited to, emotional distress, mental anguish, fear, frustration, worry, and mental pain and suffering as a result of Defendants' abusive, deceptive, and unfair debt collection practices.

## COUNT ONE
## 15 U.S.C. § 1692e(2)(A)
## The False Representation of the Character, Amount, or Legal Status of any Debt

26.

Plaintiffs reincorporate and reallege paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.

Defendants attempted to serve Mr. Wood over eight months after the complaint had been dismissed.

28.

Defendants falsely represented the legal status of the debt to Mr. Wood.

29.

Based on this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A).

30.

As a result, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT TWO
## 15 U.S.C. § 1692e(5)
## The Threat to Take Any Action that Cannot Legally be Taken or that is not Intended to be Taken

31.

Plaintiffs reincorporate and reallege paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.

Defendants attempted to serve Mr. Wood over eight months after the complaint had been dismissed.

33.

Defendants threatened Mr. Wood that a lawsuit was pending, when, in fact, it was not. Defendants cannot legally serve Mr. Wood with a dismissed action.

34.

Based on this conduct, Defendants violated 15 U.S.C. § 1692e(5).

35.

As a result, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT THREE
## 15 U.S.C. § 1692e(8)
### Communicating or Threatening to Communicate to Any Person Credit Information which is Known or which Should be Known to be False

36.

Plaintiffs reincorporate and reallege paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.

Defendants communicated to third parties that nature of the debt allegedly owed by Mr. Wood. Defendants communicated this information to Mr. Wood's ex-wife and to his son.

38.

As such, Defendants communicated to any person credit information which was known or should have been known to be false in violation of 15 U.S.C. § 1692e(8).

39.

As a result of Defendants' violation, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT FOUR
## 15 U.S.C. § 1692e(9)
### The Use or Distribution of any Written Communication which Simulates or is Falsely Represented to be a Document Authorized, Issued, or Approved by an Court, Official, or Agency of the United States or any State, or which Creates a False Impression as to its Source, Authorization, or Approval

40.

Plaintiffs reincorporate and reallege paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.

Defendants communicated to third parties through the attempted service of the Summons and Complaint from a dismissed lawsuit to Mr. Wood's ex-wife and to his son.

42.

As such, Defendants distributed written communications that falsely represented a document authorized by a court in violation of 15 U.S.C. § 1692e(9).

43.

As a result of Defendants' violation, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT FIVE
## 15 U.S.C. § 1692e(10)
## The Use of Any False Representation or Deceptive Means to Collect or Attempt to Collect Any Debt or to Obtain Information Concerning a Consumer

44.

Plaintiffs reincorporate and reallege paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.

Defendants implied the existence of a lawsuit by attempting to serve Mr. Wood with a Summons and Complaint when the lawsuit had been dismissed by the State Court of Gwinnett County for want of prosecution.

46.

As such, Defendants used a false representation to attempt to collect on a debt in violation of 15 U.S.C. § 1692e(10).

47.

As a result of Defendants' violation, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT SIX
## 15 U.S.C. § 1692e(13)
## The False Representation or Implication that Documents are Legal Process

48.

Plaintiffs reincorporate and reallege paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.

Defendants represented that the Summons and Complaint they attempted to serve on Mr. Wood were of legal process though the case had previously been dismissed.

50.

As such, Defendants falsely represented that these documents were of legal process in violation of 15 U.S.C. § 1692e(13).

51.

As a result of Defendants' violation, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT SEVEN
## 15 U.S.C. § 1692d
## Harassment or Abuse

52.

Plaintiffs reincorporate and reallege paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.

Defendants published to third parties that nature of the alleged debt owed by Mr. Wood. Defendants, as debt collectors, engaged in conduct that the natural consequence of which was to harass, oppress, and/or abuse Mr. Wood in connection with the collection of a debt.

54.

As such, Defendants' actions constitute unfair or unconscionable means to collect or attempt to collect a debt from Mr. Wood in violation of 15 U.S.C. § 1692d.

55.

As a result of Defendants' violation, Mr. Wood has suffered damages in amounts to be proven at trial.

## COUNT EIGHT
## 15 U.S.C. § 1692c(a)(1)
## Communication with the Consumer at an Unusual Time or Place or a Time or Place Known or which Should Have been Known to be Inconvenient to the Consumer

56.

Plaintiffs reincorporate and reallege paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.

Defendants attempted to serve Mr. Wood at his ex-wife's residence. Mr. Wood had not lived there for years.

58.

As such, Defendants attempted to communicate with a consumer at an inconvenient location in violation of 15 U.S.C. § 1692c(a)(1).

59.

As a result of Defendants' violation, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT NINE
## 15 U.S.C. § 1692c(b)
## A Debt Collector May Not Communicate, in Connection with the Collection of Any Debt, with Any Person Other than the Consumer, His Attorney, a Consumer Reporting Agency, the Creditor, the Attorney of the Creditor, or the Attorney of the Debt Collector

60.

Plaintiffs reincorporate and reallege paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.

Defendants communicated to third parties that nature of the debt allegedly owed by Mr. Wood. Defendants communicated this information to Mr. Wood's ex-wife and to his son.

62.

As such, Defendants communicated to any person credit information which was known or should have been known to be false in violation of 15 U.S.C. § 1692c(b).

63.

As a result of Defendants' violation, Mr. Wood has suffered damages in an amount to be proven at trial.

## COUNT TEN
### Georgia Fair Business Practices Act O.C.G.A. § 10-1-390, *et seq.*

64.

Plaintiffs reincorporate and reallege paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65.

Defendants' violations of the Fair Debt Collection Practices Act constitute an unfair deceptive act or practice in the conduct of a consumer transaction in trade or commerce as set forth in the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq.*

66.

As a result, Plaintiff has suffered general damages in amounts to be proven at trial.

67.

Plaintiff is also entitled to an award of exemplary damages because Defendants' violations were intentional.

WHEREFORE, Plaintiff prays as follows:

(a)   That Defendants be served with process and be required to answer this lawsuit;

(b) That Plaintiff recovers general, compensatory, exemplary, statutory and special damages from Defendants;

(c) That Plaintiff recovers his attorneys' fees and expenses of litigation in bringing this action, pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399;

(d) That Plaintiff has a trial before a jury on all counts so triable; and

(e) That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Respectfully submitted this 3rd day of April, 2013.

                                         **COHAN LAW GROUP, LLC**

                                         /s/ Louis R. Cohan
                                         LOUIS R. COHAN
                                         Georgia Bar No.: 173357

3340 Peachtree Rd.
Suite 580
Atlanta, GA 30326                     *Counsel for Plaintiff*
404.891.1770 – Telephone
404.891.5094 – Facsimile
lcohan@cohanlawgroup.com

# Exhibit "1"

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CITIBANK NA, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| | : FILE NO. 11-C-09180-S4 |
| vs. | : |
| JOHN B WOOD, | : |
| Defendant. | : |

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
12 AUG -7 PM 2:09
RICHARD ALEXANDER, CLERK

## DISMISSAL FOR WANT OF PROSECUTION

The above-styled case having been called in its order on the Civil No Service Calendar of March 7, 2012, and a Final Continuance Order having been filed and granted giving a 90 day continuance to perfect service, and service still not having been perfected by Plaintiff,

IT IS HEREBY ORDERED, that the above-styled case shall be dismissed without predjudice.

SO ORDERED, this 6th day of August, 2012.

JOSEPH C. IANNAZZONE, Judge
State Court of Gwinnett County

Copy to:
FLYNN LAVRAR